[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Andrea Selvidge has taken the instant appeal from her conviction, following a jury trial, for deception to obtain a dangerous drug, oxycodone, in violation of R.C. 2925.22(A). Counsel appointed to prosecute the appeal, citing the decision of the United States Supreme Court in Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, submits that he has carefully examined the record of the proceedings below and that his review of those proceedings has disclosed no error.
The court in Anders sought to reconcile the conflict between an indigent's right to "counsel who will vigorously and fairly advocate his rights on appeal" and "the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes fairly debatable under the law." Freels v. Hills
(C.A.6, 1988), 843 F.2d 958, 960-961. Thus, when as here, our court-appointed appellate counsel's conscientious examination of the record has led him to conclude that his client's appeal is frivolous, counsel must, in addition to advising the reviewing court of his conclusion and requesting permission to withdraw, submit "a brief referring to anything in the record that might arguable support the appeal," furnish his client with a copy of the brief, and afford his client an opportunity "to raise any points that he chooses." Anders,supra at 744, 87 S.Ct. at 1400. Here, counsel has satisfied that mandate.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to the appellant. See id. at 744, 87 S.Ct. at 1400. We, therefore, overrule counsel's motion to withdraw from his representation of the appellant and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there are no reasonable grounds for this "no error" appeal. But, because of the appellant's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.